[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14368
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00025-WLS-TQL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN O. BRANNEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 27, 2016)

Before TJOFLAT, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant Brian Brannen appeals his 78-month sentence, imposed after he pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  On appeal, he argues that his sentence is substantively unreasonable based on perceived defects in the guideline provision governing child pornography offenses, U.S.S.G. § 2G2.2.  After careful review, we affirm.

## DISCUSSION

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir.), *cert. denied*, 135 S. Ct. 764 (2014).  We first look to whether the district court committed any procedural error, and then we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[1]  *Id.*  The party challenging the sentence bears the burden of showing that it is unreasonable.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).  We will only vacate a defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of

---

[1] The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (quotation omitted).

Here, Defendant cannot show that his sentence is substantively unreasonable. As an initial matter, we expect Defendant's 78-month sentence—which is at the low end of the advisory guideline range of 78 to 97 months' imprisonment—to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we . . . expect a sentence within the Guidelines range to be reasonable." (quotation omitted)). Defendant's sentence was also well below the 20-year statutory maximum sentence authorized under 18 U.S.C. § 2252(a)(4)(B), (b)(2). *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (suggesting that a sentence well below the statutory maximum is an indicator of reasonableness).

Moreover, in fashioning Defendant's sentence the district court considered Defendant's history and characteristics, the nature and circumstances of the offense, which involved possession of 25 pornographic videos of children (or 1,875 images), some involving sadistic or masochistic conduct, and the need to provide just punishment for the offense. *See* 18 U.S.C. § 3553(a). In particular, the district court expressed concern about the seriousness of child pornography

offenses, even non-production cases such as the present offense. *Cf. United States v. Carpenter*, 803 F.3d 1224, 1235 (11th Cir. 2015) ("[W]e have emphasized the seriousness of child pornography offenses, and the harm they inflict on their victims, time and again."). Further, Defendant's sentence was considerably lower than the sentences of other defendants who have committed offenses involving the possession of child pornography. *See, e.g., id.* at 1234–35 (concluding that defendant's 97-month sentence for possession of 4,800 images was not substantively unreasonable).

We are not persuaded by Defendant's argument that his sentence is unreasonable because U.S.S.G. § 2G2.2—the child pornography guideline used to calculate his offense level—is not supported by empirical data. Although the Supreme Court has concluded that a district court is permitted to vary from the Guidelines in certain crack cocaine cases in part because those guidelines do not encompass empirical data, *Kimbrough v. United States*, 552 U.S. 85, 91, 96 (2007), we have concluded that the guideline involved in the present case, § 2G2.2, "does not exhibit the [same] deficiencies," *Pugh*, 515 F.3d at 1201 n.15.

Defendant also questions the reasonableness of guidelines calculations under § 2G2.2 based on a report from the Sentencing Commission in 2013, which recommended that the guideline governing child pornography offenses be revised. However, we have previously held that the Sentencing Commission's 2013 report

4

does not dictate that a sentence is unreasonable where the district court applied the § 2G2.2 guideline in a non-production child pornography case. *See Cubero*, 754 F.3d at 900 (stating that the Sentencing Commission's 2013 report "does not render the non-production child pornography guidelines in § 2G2.2 invalid or illegitimate"). And while a district court may consider the Sentencing Commission's report, as the district court did in the present case by addressing Defendant's arguments pertaining to it, the report does not require a court to impose a sentence below the advisory guideline range. *See id.*

In short, we cannot say that the district court imposed a sentence "that lies outside the range of reasonable sentences dictated by the facts of the case." *See Irey*, 612 F.3d at 1190. Because Defendant has not shown that the district court abused its discretion by imposing a 78-month sentence, his sentence is **AFFIRMED**.